IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BURL WASHINGTON, # 34193-044, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 13-cv-613-MJR ) |
| DAVID GOLDSBOROUGH, STEVEN HOFFIMEIR, FRANK FESTER, JASON JONES, and B. AUTERSON, | ) ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for case management. On June 25, 2013, following the Memorandum and Order entered in *Washington v. Hodges, et al.*, Case No. 12-cv-854-JPG-DGW (Doc. 1 in the instant case), this matter was severed from the original case. This severed action includes the claims designated in the above order as Counts 8A-D, 11A, and 12A, as summarized below:

**Count 8A:** Against Defendants Goldsborough, Hoffimeir, Fester, and Jones for retaliation (events of March 16-22, 2012);

**Count 8B:** Against Defendants Goldsborough, Hoffimeir, and Jones for interfering with Plaintiff's First Amendment right to correspond with friends and family (confiscation of written material, paper, pens, envelopes);

**Count 8C:** Against Defendants Goldsborough, Hoffimeir, Jones, and Fester for deliberate indifference to Plaintiff's medical condition (intentionally confiscating his eye patch – Goldsborough, Hoffimeir, and Fester); (turning air conditioner down against medical orders – Jones and Fester);

**Count 8D:** Against Defendant Fester for excessive force (striking Plaintiff on the back and head);

> **Count 11A:** Against Defendant Goldsborough for retaliation (filing a false disciplinary charge over the document Plaintiff showed his doctor);
>
> **Count 12A:** Against Defendant Auterson for retaliation (finding Plaintiff guilty of a false disciplinary charge over the document Plaintiff showed his doctor).

Because Plaintiff had incurred three "strikes" under 28 U.S.C. § 1915(g), he was ordered to pre-pay the full filing fee of $350.00 if he desired to proceed with this severed action (Doc. 1). Plaintiff's motion for an extension of time to pre-pay the fee was granted (Doc. 6), and he was allowed to make installment payments. As of January 2, 2014, Plaintiff has paid the entire fee in full. Accordingly, service shall be ordered below so that Plaintiff may proceed with his claims.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **GOLDSBOROUGH, HOFFIMEIR, FESTER, JONES,** and **AUTERSON**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **GOLDSBOROUGH, HOFFIMEIR, FESTER, JONES,** and **AUTERSON** with the summons, the USM-285, the complaint (Doc. 2), the Memorandum and Order at Doc. 1, and this Memorandum and Order, pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

---

[1] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint (Doc. 2), the Memorandum and Order at Doc. 1, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint (Doc. 2), the Memorandum and Order at Doc. 1, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to the United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the*

*parties consent to such a referral.*

       **IT IS SO ORDERED.**

       **DATED: January 23, 2014**

                                    <u>s/ MICHAEL J. REAGAN</u>
                                    United States District Judge