**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BURL WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-CV-613-NJR-DGW |
| | ) |
| DAVID GOLDSBOROUGH, STEVEN | ) |
| HOFFIMEIR, FRANK FESTER, JASON | ) |
| JONES, and B. AUTERSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States

Magistrate Judge Donald G. Wilkerson (Doc. 66), which recommends that the undersigned

grant the Motion for Summary Judgment filed by Defendants Frank Fester, Jason Jones, and

B. Auterson (Doc. 33), the Motion for Summary Judgment filed by Defendant David

Goldsborough (Doc. 53), and the Motion for Summary Judgment filed by Defendant Steven

Hoffmeier (Doc. 60). Each motion asserts that Plaintiff Burl Washington failed to exhaust

his administrative remedies prior to filing this lawsuit. The Report and Recommendation

was entered on July 13, 2015. No objections have been filed.

On July 30, 2012, Plaintiff Burl Washington, an inmate currently incarcerated at

Williamsburg Federal Correctional Institution, filed this lawsuit pursuant to *Bivens v. Six*

*Unknown Named Agents*, 403 U.S. 388 (1971) (*see* Doc. 2). Plaintiff's claims relate to his

hospitalization at Barnes Hospital ("Barnes") from March 16, 2012, to March 22, 2012.

Specifically, Plaintiff alleges that while at Barnes, Defendants retaliated against him in a

number of ways including denying him access to the bathroom, confiscating his writing materials and eye patch, turning down his air conditioner, striking him on his back and head, and filing a false disciplinary charge against him.

On September 10, 2014, Defendants Fester, Jones, and Auterson moved for summary judgment asserting that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (*see* Doc. 33). The Motion for Summary Judgment was adopted by Defendants Goldsborough and Hoffmeier on December 1, 2014, and December 31, 2014, respectively (*see* Docs. 53 and 60). Plaintiff, through appointed counsel, timely filed responses to each of the motions for summary judgment (*see* Docs. 50, 55, and 64).

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' Motions on January 6, 2015. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 66). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject, or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting*

12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part). Where neither timely nor specific objections to the Report and Recommendation are made, however, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

While a *de novo* review is not required here, the Court has carefully examined the evidence and fully agrees with the detailed findings, analysis, and conclusions of Magistrate Judge Wilkerson. In the Report and Recommendation, Magistrate Judge Wilkerson judiciously outlined the documentary and testimonial evidence regarding each of the eight grievances submitted by the parties. Magistrate Judge Wilkerson also thoroughly discussed his conclusions with respect to the claims exhausted by Plaintiff during the administrative process. The Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson regarding the issue of exhaustion.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 66). This action is **DISMISSED without prejudice** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 3, 2015**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**