IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BURL WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-613-NJR-DGW |
| | ) |
| DAVID GOLDSBOROUGH, STEVEN | ) |
| HOFFMEIER, FRANK FESTER, JASON | ) |
| JONES, and B. AUTERSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Burl Washington, an inmate in the Federal Bureau of Prisons, filed a *pro se* lawsuit on July 30, 2012, pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1991), alleging 15 claims (some with multiple parts) against 24 defendants (*see* Doc. 1). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, a number of Washington's claims for retaliation, interference with his First Amendment right to correspond with friends and family, deliberate indifference, and excessive force against the above-named Defendants (Counts 8A-D, 11A, and 12A) were severed into this new case (Doc. 1). In these counts, Washington claims that, while he was hospitalized at Barnes Hospital for complications resulting from his glaucoma surgery, Defendants denied him access to the bathroom, confiscated writings he intended to mail to a friend along with his writing materials, "lost" his eye patch, turned down the air conditioner to a very cold setting, struck him on the back of the head, wrote a false incident report, and

punished Washington for an "unspecified" and unsubstantiated charge for which he was not given proper notice.

On September 10, 2014, Defendants Auterson, Fester, and Jones moved for summary judgment arguing that Washington failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (Doc. 33). Defendants Goldsborough and Hoffmeier joined and adopted the motion for summary judgment (Docs. 53 and 60). Plaintiff, through appointed counsel, timely filed responses to each of the motions for summary judgment (Docs. 50, 55, and 64).

Following an evidentiary hearing, Magistrate Judge Wilkerson issued a Report and Recommendation, which recommended granting the motions for summary judgment (Doc. 66). Washington did not file any objections to the Report and Recommendation. On August 3, 2015, the undersigned District Judge adopted the Report and Recommendation, and Washington's claims against all Defendants were dismissed without prejudice for failure to exhaust his administrative remedies (Doc. 67).

More than four months after judgment was entered, Washington filed a motion to amend or correct his complaint (Doc. 73) and a motion requesting relief from the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 74). Both motions are currently before the Court.

## DISCUSSION

Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). The decision whether to grant relief under Rule 60(b) is left to the discretion of the district court, and its ruling will not be reversed absent an

abuse of that discretion. *Id.* ("The district court has great latitude in making a Rule 60(b) decision because that decision 'is discretion piled on discretion.'") The Rule permits a court to vacate a judgment, order, or proceeding based on one of six specific grounds:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Here, Washington invokes ground two by claiming that he is entitled to relief based on "newly discovered evidence that could not be discovered earlier due to denial of adequate assistance with reading and writing after [he] suffered significant and sever[e] vision loss" (Doc. 74). Washington describes the progression of his vision loss from March 2012 up through the present day (Doc. 73). As best the Court can tell, Washington is claiming that the grievance process was rendered unavailable to him because of his visual impairment and the lack of assistance with reading and writing.

In its Order granting Defendants' motion for summary judgment, the Court determined that Washington filed a number of grievances between March 2012 and June 2012, none of which were fully exhausted. The Court concluded that Washington "either failed to file a grievance regarding claims in this lawsuit, failed to properly appeal or file grievances related to his claims, or failed to wait until after the administrative process"

(Doc. 66). Consequently, the Court granted Defendants' motion for summary judgment and dismissed the case without prejudice (Docs. 67, 68).

The Court would consider vacating the dismissal of this action if Washington demonstrated he was unable to complete the grievance process because it was made unavailable to him by virtue of the fact he was visually impaired and did not have any assistance with reading and writing. In evaluating whether Washington has made this showing, the Court is primarily concerned with the period of time from March 2012, which is when Washington began filing grievances relevant to the claims in this case, to July 30, 2012, which is when Washington filed his lawsuit, because this is the period of time during which Washington could have theoretically completed the grievance process.

While Washington claims that he "suffered significant vision loss" beginning in March 2012 (Doc. 74, p. 2), the Court concludes that, whatever the extent of his vision loss at that time, it did not hinder him from participating in the grievance process. To begin with, Washington appears to indicate that assistance with reading and writing did not become a necessity until August 2012, which is after he filed suit (Doc. 73, p. 9).[1] Additionally, from April to July 2012, Washington submitted some two dozen

---

[1] In the motion, Plaintiff alleges the following:
> Plaintiff suffered damage and injury to his eyes caused by the denial of medically necessary medical equipment from March 22, 2012 to March 27, 2012. . . . From March 26, 2012 to August 2012, Plaintiff suffered significant vision loss. SEE: Clinical Encounter August 10, 2012 (stating: "tinted glasses given for near power"). . . . [T]hese glasses were inadequate and did nothing to assist with reading and writing. And the need for adequate assistance with reading and writing became necessary.

(Doc. 73, p. 2; *see also* p. 20). Based on this, it appears that Plaintiff is claiming that he needed assistance with reading and writing only after he received a pair of glasses on August 10, 2012, that were ineffective. Nowhere in the motion does Plaintiff allege that assistance with reading and writing "became necessary" at some point prior to August 10, 2012 (*see* Doc. 74). Therefore, the Court assumes that while assistance with reading and writing may have been helpful prior to August 10, 2010, it was not necessary.

grievances and appeals (Doc. 33-3). These submissions indicate that either Washington had not completely lost his ability to read and write or he had access (and plenty of it) to other inmates who were willing to read and write for him. Consequently, Washington has failed to demonstrate that his visual impairment prevented him from completing the grievance procedure with respect to any of the relevant, unexhausted grievances.[2] Accordingly, the Court has no reason to vacate the judgment and reopen this case.

## CONCLUSION

The Motion to Amend/Correct the Complaint (Doc. 73) and the Motion Requesting Relief from the Final Judgment (Doc. 74) filed by Plaintiff Burl Washington are **DENIED**.

**IT IS SO ORDERED.**

DATED: September 26, 2016

      s/Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] *See Fry v. Al-Abduljalil*, 164 F. App'x 788, 791 (10th Cir. 2006) (holding that legally blind prisoner could not show administrative remedies were unavailable when he submitted at least two other grievances during the relevant time period); *Chavez v. Thorton*, No. CIV.A. 05-CV-00607RE, 2008 WL 2020319, at *5 (D. Colo. May 9, 2008) ("Plaintiff's ability to fill out non-lawsuit related grievances (also known as 'kites') during the relevant time period is inconsistent with his argument that he was physically unable to comply with the grievance procedure.") (parenthetical in original). *See also Pavey v. Conley*, 170 F. App'x 4, 9 (7th Cir. 2006) (discussing that prison officials may have rendered grievance process unavailable when plaintiff broke the arm he wrote with and he was confined to his cell without access to other inmates). *But see Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (vacating grant of summary judgment for defendants on failure-to-exhaust defense where inmate submitted evidence that prison officials failed to provide him with required grievance forms).